William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Vifor (International) AG and*
*American Regent, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | Civil Action No. 19-16305 <br><br> *Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vifor (International) AG ("Vifor") and American Regent, Inc. ("American Regent") (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Sandoz Inc. ("Sandoz").  This action relates to Abbreviated New Drug Application ("ANDA") No. 211725, filed by Sandoz with the U.S. Food and Drug Administration ("FDA") for approval to market a generic version of Plaintiffs' Injectafer®, ferric carboxymaltose injection (750 mg/15 ml) ("Sandoz's ANDA Product") prior

to the expiration of United States Patent Nos. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); and 9,376,505 ("the '505 patent").  The '109, '702, '612, and '505 patents are listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") for Injectafer®.

## THE PARTIES

2.      Plaintiff Vifor is a company organized and existing under the laws of Switzerland, having a principal place of business at Rechenstraβe 37, CH-9001, St. Gallen, Switzerland.

3.      Vifor is engaged in the business of creating, developing, and bringing to market revolutionary drug products, including treatments for iron deficiency anemia.

4.      Plaintiff American Regent is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.  American Regent was formerly known as Luitpold Pharmaceuticals, Inc., until January 2, 2019, when its New York Certificate of Incorporation was amended to change the name of the corporation to American Regent, Inc.  American Regent is a subsidiary of Daiichi Sankyo, Inc, which is located at 211 Mt. Airy Road, Basking Ridge, New Jersey 07920.

5.      Vifor and American Regent developed Injectafer®.  American Regent licenses Injectafer® from Vifor, and American Regent markets, distributes, and sells injectable pharmaceutical drug products, including Injectafer®, in this judicial district and throughout the United States.

6.      On information and belief, Defendant Sandoz is a company organized and existing under the laws of the state of Colorado with its principal place of business at 100 College Road West, Princeton, New Jersey 08540.

7.      On information and belief, Sandoz is a generic pharmaceutical company that develops and manufactures generic pharmaceutical products that are marketed and sold throughout the United States.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      On information and belief, this Court has personal jurisdiction over Sandoz, under the New Jersey state long arm statute and consistent with due process of law, because Sandoz maintains its principal place of business in New Jersey.  Sandoz has previously admitted that it has a principal place of business in New Jersey.  *See, e.g., Celgene Corp. v. Sandoz Inc.*, Civil Action No. 3:18-11026 (D.N.J. Sept. 25, 2018), ECF No. 18 at ¶ 3; *Genentech, Inc., et al. v. Sandoz Inc., et al.*, Civil Action No. 1:17-13507 (D.N.J. Jan. 19, 2018), ECF No. 12 at ¶ 12.

10.     On information and belief, Sandoz is subject to personal jurisdiction in New Jersey because it regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, demonstrating that Sandoz has systematic and continuous contacts with this judicial district.

11.      On information and belief, Sandoz purposefully has conducted and continues to conduct business in this judicial district by manufacturing, importing, marketing, and distributing pharmaceutical products, including generic drug products, either by itself or through its parent corporation, subsidiaries and/or affiliates, throughout the United States, including in this judicial district.

12.     On information and belief, Sandoz is registered to do business in the State of New Jersey under Entity Identification Number 0100097265, and Sandoz is also licensed to do business with the New Jersey Department of Health as a "Manufacturer and Wholesale[r]" of pharmaceuticals in the State of New Jersey (Registration Number 5003732).

13.     On information and belief, Sandoz is subject to personal jurisdiction in this judicial district through its pursuit of regulatory approval for Sandoz's ANDA Product for the commercial manufacture, use, and/or sale of Sandoz's ANDA Product, if approved, in this judicial district and to residents of this judicial district.  Through at least these activities, Sandoz has purposely availed itself of the rights and benefits of New Jersey law such that it should reasonably anticipate being haled into court in this judicial district.

14.     On information and belief, Sandoz has been, and continues to be, wholly responsible for the drafting, submission, request for approval, and maintenance of ANDA No. 211725.  Sandoz's "Notice of Paragraph IV Certification" dated July 10, 2019 ("Sandoz's Notice Letter") and sent to Plaintiffs pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act and § 314.95 of the Code of Federal Regulations, identified "Sandoz Inc." as the entity which submitted ANDA No. 211725 to the FDA and the entity which seeks FDA approval of ANDA No. 211725 prior to the expiration of the '109, '702, '612, and '505 patents.

15.     On information and belief, if ANDA No. 211725 is approved, Sandoz will import, market, distribute, offer for sale, and/or sell Sandoz's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Sandoz's ANDA Product in the state of New Jersey.

16.     On information and belief, if ANDA No. 211725 is approved, Sandoz's ANDA Product will be marketed, distributed, offered for sale, and/or sold in New Jersey; prescribed by

physicians practicing in New Jersey; administered by healthcare professionals located within New Jersey; and/or used by patients in New Jersey, all of which will have a substantial effect on New Jersey.

17.     On information and belief, if ANDA No. 211725 is approved, Sandoz will import, market, distribute, offer for sale, and/or sell Sandoz's ANDA Product, either by itself or through its parent corporation, subsidiaries and/or affiliates, in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Sandoz's ANDA Product in the state of New Jersey.

18.     If ANDA No. 211725 is approved, Vifor and American Regent will be harmed by the marketing, distribution, offer for sale, and/or sale of Sandoz's ANDA Product, including in New Jersey.

19.     On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) at least because Sandoz has committed an act of infringement in New Jersey and Sandoz has a regular and established place of business in New Jersey.

20.     On information and belief, Sandoz has committed acts of infringement under the meaning of 28 U.S.C. § 1400(b) by submitting ANDA No. 211725 to the FDA, by taking steps indicating its intent to market Sandoz's ANDA Product in New Jersey, and by the acts that it non-speculatively intends to  take in New Jersey if its ANDA receives final FDA approval.

21.     On information and belief, Sandoz has taken steps in New Jersey, including preparing ANDA No. 211725 and communicating with the FDA regarding ANDA No. 211725, that indicate its intent to market Sandoz's ANDA product.  As set forth above, on information and belief, if ANDA No. 211725 is approved, Sandoz intends to commit acts of patent

infringement in New Jersey, including marketing, distributing, offering for sale, and/or selling Sandoz's ANDA Product.

22. On information and belief, Sandoz Inc. has a regular and established place of business in New Jersey under the meaning of 28 U.S.C. § 1400(b) because, *inter alia*, its principal place of business is in New Jersey. As set forth above, on information and belief, Sandoz Inc. maintains regular and established places of business in New Jersey, including offices, laboratories, and/or facilities at 100 College Road West, Princeton, NJ 08540 and One Health Plaza, Bldg. 435, East Hanover, NJ 07936.

## PATENTS-IN-SUIT

23. The U.S. Patent and Trademark Office ("PTO") issued the '109 patent, entitled "Water-Soluble Iron-Carbohydrate Complexes, Production Thereof, and Medicaments Containing Said Complexes," on November 3, 2009 to inventors Peter Geisser, Erik Philipp, and Walter Richle. Vifor is the assignee of the '109 patent and has the right to enforce it. The '109 patent expires on February 5, 2024, excluding any patent term extension. The '109 patent claims, *inter alia*, compositions and methods of making iron carbohydrate complexes. A true and correct copy of the '109 patent is attached hereto as **Exhibit A**.

24. The PTO issued the '702 patent entitled "Methods and Compositions For Administration of Iron," on July 13, 2010 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. At the time of its issue, the '702 patent was assigned to Luitpold Pharmaceuticals, Inc., and on January 11, 2019, the assignment records for the '702 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to American Regent, Inc. The Change of Name of the assignee for the '702 patent is recorded by the PTO at Reel 048067, Frame 0271. American Regent is the current assignee of the '702 patent and has

the right to enforce it.  The '702 patent expires on February 15, 2028.  The '702 patent claims, *inter alia*, methods of treating iron deficiency anemia by administering an iron carbohydrate complex.  A true and correct copy of the '702 patent is attached hereto as **Exhibit B**.

25.     The PTO issued the '612 patent entitled "Methods and Compositions For Administration of Iron," on November 25, 2014 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence.  At the time of its issue, the '612 patent was assigned to Luitpold Pharmaceuticals, Inc., and on January 11, 2019, the assignment records for the '612 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to American Regent, Inc.  The Change of Name of the assignee for the '612 patent is recorded by the PTO at Reel 048067, Frame 0271.  American Regent is the current assignee of the '612 patent and has the right to enforce it.  The '612 patent expires on January 8, 2027.  The '612 patent claims, *inter alia*, methods of treating iron deficiency anemia by the administration of an iron carboxymaltose complex.  A true and correct copy of the '612 patent is attached hereto as **Exhibit C**.

26.     The PTO issued the '505 patent entitled "Aqueous Iron Carbohydrate Complexes, Their Production, and Medicaments Containing Them," on June 28, 2016 to inventors Peter Geisser, Erik Philipp, and Walter Richle.  Vifor is the assignee of the '505 patent and has the right to enforce it.  The '505 patent expires on October 20, 2023.  The '505 patent claims, *inter alia*, compositions and methods of making iron carbohydrate complexes comprising at least one oxidized maltodextrin.  A copy of the '505 patent is attached hereto as **Exhibit D**.

27.     American Regent is the owner of NDA No. 203565 for Injectafer® (ferric carboxymaltose) which the FDA approved on July 25, 2013.  The Orange Book lists the NDA holder as American Regent, Inc., in accordance with the name change from Luitpold

Pharmaceuticals, Inc. to American Regent, Inc., effective January 2, 2019.  In conjunction with NDA No. 203565, the '109, '702, '612, and '505 patents are listed in the Orange Book.

## SANDOZ'S INFRINGING ANDA SUBMISSION

28.     Plaintiffs reallege, and incorporate in full herein, each of the preceding paragraphs 1-27.

29.     Plaintiffs received a letter from Sandoz dated July 10, 2019, purporting to be a "Notice of Certification of Invalidity, Unenforceability, and/or Non-Infringement for U.S. Patent Nos. 7,612,109; 7,754,702; 8,895,612; 9,376,505; and Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act" for ANDA No. 211725 pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 § C.F.R. 314.95.

30.     Sandoz's Notice Letter states that "Sandoz Inc." has submitted to the FDA ANDA No. 211725 seeking approval to engage in the commercial manufacture, use, and/or sale of Sandoz's ANDA Product before the expiration of the '109, '702, '612, and '505 patents. Sandoz's Notice Letter did not identify any other entity that is involved in the preparation, filing, and/or maintenance of ANDA No. 211725.

31.     On information and belief, Sandoz submitted ANDA No. 211725 to the FDA under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to, and intending to, manufacture, use, import, offer to sell, and/or sell Sandoz's ANDA Product, either by itself or through its parent corporation, subsidiaries and/or affiliates, throughout the United States before the expiration of the '109, '702, '612, and '505 patents.

32.     By filing ANDA No. 211725, and as indicated in Sandoz's Notice Letter, Sandoz has represented to the FDA that Sandoz's ANDA Product has the same active ingredient as

Injectafer®, has the same dosage form and strength as Injectafer®, and is bioequivalent to Injectafer®.

33.    On information and belief, Sandoz is seeking approval to market Sandoz's ANDA Product for the same approved indications as Injectafer®.

34.    Sandoz's Notice Letter states that it has attached a "[d]etailed statement of the legal and factual bases for the Paragraph IV certifications" and "has certified to FDA, that…the '109, '702, '612, and '505 patents are invalid, unenforceable and/or will not be infringed" pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

35.    This Complaint is being filed before the expiration of the forty-five days from the date Plaintiffs received Sandoz's Notice Letter.

## COUNT I (INFRINGEMENT OF THE '109 PATENT)

36.    Plaintiffs reallege, and incorporate in full herein, each of the preceding paragraphs 1-35.

37.    Under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '109 patent, including for example claims 1 through 5, by submitting, or causing to be submitted to the FDA, ANDA No. 211725 seeking approval to engage in the commercial manufacture, use or sale of Sandoz's ANDA Product before the expiration date of the '109 patent.  On information and belief, the product described in ANDA No. 211725 would infringe, either literally or under the doctrine of equivalents, at least one claim, including for example claims 1 through 5, of the '109 patent under 35 U.S.C. § 271(e)(2)(A).

38.    In Sandoz's Notice Letter, Sandoz did not provide any allegation that Sandoz's ANDA Product does not fall within the scope of any of the claims of the '109 patent, and therefore admits infringement of the '109 patent.

39.     On information and belief, based on Sandoz's Notice Letter, the absence of any allegation that Sandoz's ANDA Product does not fall within the scope of any of the claims of the '109 patent in Sandoz's Notice Letter, the fact that Sandoz has represented to the FDA that Sandoz's ANDA Product is bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, Sandoz is required to substantially copy the FDA-approved Injectafer® labeling, Sandoz's ANDA Product comprises an aqueous solution of ferric carboxymaltose which is formulated for parenteral application, wherein the ferric carboxymaltose, an iron carbohydrate complex, has a weight average molecular weight of 80,000 to 300,000 daltons, and satisfies all of the limitations of at least claims 1 through 5 of the '109 patent.

40.     On information and belief, upon FDA approval of Sandoz's ANDA Product, Sandoz will infringe at least one claim, including for example claims 1 through 5, of the '109 patent under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling Sandoz's ANDA Product in the United States, and/or will induce infringement of one or more claims of the '109 patent under 35 U.S.C. § 271(b), unless enjoined by the Court.

41.     On information and belief, Sandoz has knowledge of the '109 patent and has filed ANDA No. 211725 seeking authorization to engage in the commercial manufacture, use or sale of Sandoz's ANDA Product in the United States.  On information and belief, if the FDA approves ANDA No. 211725, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '109 patent, including for example claims 1 through 5, by the use Sandoz's ANDA Product according to Sandoz's provided instructions and/or label.

42.     On information and belief, Sandoz knows and intends that health care professionals and/or patients will use Sandoz's ANDA Product according to Sandoz's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '109 patent with the requisite intent under 35 U.S.C. § 271(b).

43.     Upon information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including for example claims 1 through 5, of the '109 patent for the pecuniary benefit of Sandoz.  Upon information and belief, Sandoz will thus induce infringement of at least one claim of the '109 patent with the requisite intent under 35 U.S.C. § 271(b).

44.     Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 211725 complained of herein were done by and for the benefit of Sandoz.

45.     If Sandoz's marketing and sale of Sandoz's ANDA Product prior to the expiration of the '109 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II (INFRINGEMENT OF THE '702 PATENT)

46.     Plaintiffs reallege, and incorporate in full herein, each of the preceding paragraphs 1-35.

47.     Under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '702 patent, including for example claims 17, 24, and 47, by submitting, or causing to be submitted to the FDA, ANDA No. 211725 seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product before the expiration date of the '702 patent.  On

information and belief, the product described in ANDA No. 211725 would infringe, either literally or under the doctrine of equivalents, at least one claim including for example claims 17, 24, and 47 of the '702 patent under 35 U.S.C. § 271(e)(2)(A).

48.     In Sandoz's Notice Letter, Sandoz did not provide any allegation that Sandoz's ANDA Product does not fall within the scope of several claims of the '702 patent, including for example claims 17, 24, and 47, and therefore admits infringement of such claims of the '702 patent.

49.     On information and belief, based on Sandoz's Notice Letter, the absence of any allegation that Sandoz's ANDA product does not fall within the scope of several claims of the '702 patent, including for example claims 17, 24, and 47, in Sandoz's Notice Letter, the fact that Sandoz has represented to the FDA that Sandoz's ANDA Product is bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, Sandoz is required to substantially copy the FDA-approved Injectafer® labeling, Sandoz's ANDA Product is an iron carboxymaltose complex having a molecular weight of about 100,000 daltons to about 350,000 daltons, and will be used in a method of treating iron deficiency anemia, whereby Sandoz's ANDA Product will be administered intravenously in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of Sandoz's ANDA Product will satisfy all of the limitations of at least claims 17, 24,  and 47 of the '702 patent.

50.     On information and belief, upon FDA approval of Sandoz's ANDA Product, Sandoz will induce and/or contribute to the infringement of one or more claims, including for example claims 17, 24, and 47, of the '702 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

51.     On information and belief, Sandoz has knowledge of the '702 patent and has filed ANDA No. 211725 seeking authorization to engage in the commercial manufacture, use or sale of Sandoz's ANDA Product in the United States.  On information and belief, if the FDA approves ANDA No. 211725, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '702 patent, including for example claims 17, 24, and 47, by the use Sandoz's ANDA Product according to Sandoz's provided instructions and/or label.

52.     On information and belief, Sandoz knows and intends that health care professionals and/or patients will use Sandoz's ANDA Product according to Sandoz's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '702 patent with the requisite intent under 35 U.S.C. § 271(b).

53.     Upon information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including for example claims 17, 24, and 47, of the '702 patent for the pecuniary benefit of Sandoz.  Upon information and belief, Sandoz will thus induce infringement of at least one claim of the '702 patent with the requisite intent under 35 U.S.C. § 271(b).

54.     On information and belief, if the FDA approves ANDA No. 211725, Sandoz's ANDA Product will be specifically labeled for use in practicing at least one claim including for example claims 17, 24, and 47 of the '702 patent, wherein Sandoz's ANDA Product is a material part of the claimed invention, wherein Sandoz knows and intends that healthcare professionals and/or patients will use Sandoz's ANDA Product in accordance with the instructions and/or label

provided by Sandoz in practicing at least one claim, including for example claims 17, 24, and 47 of the '702 patent, and wherein Sandoz's ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Upon information and belief, Sandoz will thus contribute to the infringement of at least one claim of the '702 patent under 35 U.S.C. § 271(c).

55.     Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 211725 complained of herein were done by and for the benefit of Sandoz.

56.     If Sandoz's marketing and sale of Sandoz's ANDA Product prior to the expiration of the '702 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT III (INFRINGEMENT OF THE '612 PATENT)

57.     Plaintiffs reallege, and incorporate in full herein, each of the preceding paragraphs 1-35.

58.     Under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '612 patent, including for example claims 2 and 4, by submitting, or causing to be submitted to the FDA, ANDA No. 211725 seeking approval to engage in the commercial manufacture, use or sale of Sandoz's ANDA Product before the expiration date of the '612 patent.  On information and belief, the product described in ANDA No. 211725 would infringe, either literally or under the doctrine of equivalents, at least one claim including for example claims 2 and 4 of the '612 patent under 35 U.S.C. § 271(e)(2)(A).

59.     In Sandoz's Notice Letter, Sandoz did not provide any allegation that Sandoz's ANDA Product does not fall within the scope of several claims of the '612 patent, including for example for claims 2 and 4, and therefore admits infringement of such claims of the '612 patent.

60.     On information and belief, based on Sandoz's Notice Letter, the absence of any allegation that Sandoz's ANDA product does not fall within the scope of several claims of the '612 patent, including for example claims 2 and 4 in Sandoz's Notice Letter, the fact that Sandoz has represented to the FDA that Sandoz's ANDA Product is bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, Sandoz is required to substantially copy the FDA-approved Injectafer® labeling, Sandoz's ANDA Product is an iron carboxymaltose complex having a substantially non-immunogenic carbohydrate component and substantially no cross reactivity with anti-dextran antibodies, and will be used in a method of treating iron deficiency anemia associated with chronic kidney disease and/or heavy uterine bleeding, whereby Sandoz's ANDA Product will be administered in about 15 minutes or less to a subject in need thereof in a single dosage unit of at least about 0.6 grams of elemental iron, and the use of Sandoz's ANDA Product will satisfy all of the limitations of at least claims 2 and 4 of the '612 patent.

61.     On information and belief, upon FDA approval of Sandoz's ANDA Product, Sandoz will induce and/or contribute to the infringement of one or more claims, including for example claims 2 and 4 of the '612 patent under 35 U.S.C. §§ 271(b) and/or (c), unless enjoined by the Court.

62.     On information and belief, Sandoz has knowledge of the '612 patent and has filed ANDA No. 211725 seeking authorization to engage in the commercial manufacture, use or sale of Sandoz's ANDA Product in the United States.  On information and belief, if the FDA approves ANDA No. 211725, health care professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim

of the '612 patent, including for example claims 2 and 4, by the use Sandoz's ANDA Product
according to Sandoz's provided instructions and/or label.

63.     On information and belief, Sandoz knows and intends that healthcare
professionals and/or patients will use Sandoz's ANDA Product according to Sandoz's provided
instructions and/or label in an infringing manner, and will therefore induce infringement of one
or more claims of the '612 patent with the requisite intent under 35 U.S.C. § 271(b).

64.     Upon information and belief, upon approval, Sandoz will take active steps to
encourage the use of Sandoz's ANDA Product by healthcare professionals and/or patients with
the knowledge and intent that it will be used by healthcare professionals and/or patients in a
manner that infringes at least one claim, including for example claims 2 and 4 of the '612 patent
for the pecuniary benefit of Sandoz.  Upon information and belief, Sandoz will thus induce
infringement of at least one claim of the '612 patent with the requisite intent under 35 U.S.C. §
271(b).

65.     On information and belief, if the FDA approves ANDA No. 211725, Sandoz's
ANDA Product will be specifically labeled for use in practicing at least one claim including for
example claims 2 and 4, of the '612 patent, wherein Sandoz's ANDA Product is a material part
of the claimed invention, wherein Sandoz knows and intends that healthcare professionals and/or
patients will use Sandoz's ANDA Product in accordance with the instructions and/or label
provided by Sandoz in practicing at least one claim, including for example claims 2 and 4, of the
'612 patent, and wherein Sandoz's ANDA Product is not a staple article or commodity of
commerce suitable for substantial non-infringing use.  Upon information and belief, Sandoz will
thus contribute to the infringement of at least one claim of the '612 patent under 35 U.S.C. §
271(c).

66.     Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 211725 complained of herein were done by and for the benefit of Sandoz.

67.     If Sandoz's marketing and sale of Sandoz's ANDA Product prior to the expiration of the '612 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### COUNT IV (INFRINGEMENT OF THE '505 PATENT)

68.     Plaintiffs reallege, and incorporate in full herein, each of the preceding paragraphs 1-35.

69.     In Sandoz's Notice Letter, Sandoz did not provide any allegation that Sandoz's ANDA Product does not fall within the scope of several claims of the '505 patent, including for example claims 1, 10, 19, and 28, and therefore admits infringement of such claims of the '505 patent.

70.     On information and belief, based on Sandoz's Notice Letter, the absence of any allegation that Sandoz's ANDA product does not fall within the scope of several claims of the '505 patent, including for example claims 1,10, 19, and 28 in Sandoz's Notice Letter, the fact that Sandoz has represented to the FDA that Sandoz's ANDA Product is bioequivalent, pharmaceutically equivalent, and therapeutically equivalent to Injectafer®, and the fact that, pursuant to 21 C.F.R. § 314.94, Sandoz is required to substantially copy the FDA-approved Injectafer® labeling, Sandoz's ANDA Product is an aqueous solution comprising an iron (III) carbohydrate complex comprising at least one oxidized maltodextrin, wherein the iron (III) carbohydrate complex has a weight average molecular weight of 118,000 to 400,000 daltons, wherein the aqueous solution of the iron (III) carbohydrate has an iron content of between 1%

and 20% weight/volume of the solution, and satisfies all of the limitations of at least claims 1, 10, 19, and 28 of the '505 patent.

71.     On information and belief, upon FDA approval of Sandoz's ANDA Product, Sandoz will infringe at least one claim, including for example claims 1, 10, 19, and 28, of the '505 patent under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling Sandoz's ANDA Product in the United States, and/or will induce infringement of one or more claims of the '505 patent under 35 U.S.C. § 271(b), unless enjoined by the Court.

72.     On information and belief, Sandoz has knowledge of the '505 patent and has filed ANDA No. 211725 seeking authorization to engage in the commercial manufacture, use or sale of Sandoz's ANDA Product in the United States.  On information and belief, if the FDA approves ANDA No. 211725, healthcare professionals and/or patients will directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least one claim of the '505 patent, including for example claims 1, 10, 19, and 28, by the use of Sandoz's ANDA Product according to Sandoz's provided instructions and/or label.

73.     On information and belief, Sandoz knows and intends that health care professionals and/or patients will use Sandoz's ANDA Product according to Sandoz's provided instructions and/or label in an infringing manner, and will therefore induce infringement of one or more claims of the '505 patent with the requisite intent under 35 U.S.C. § 271(b).

74.     Upon information and belief, upon approval, Sandoz will take active steps to encourage the use of Sandoz's ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including for example claims 1, 10, 19, and 28, of the

'505 patent for the pecuniary benefit of Sandoz.  Upon information and belief, Sandoz will thus induce infringement of at least one claim of the '505 patent with the requisite intent under 35 U.S.C. § 271(b).

76. Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 211725 complained of herein were done by and for the benefit of Sandoz.

76. If Sandoz's marketing and sale of Sandoz's ANDA Product prior to the expiration of the '505 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

1. A judgment that the claims of the '109, '702, '612, and '505 patents are not invalid or unenforceable, and are infringed by Sandoz's submission of ANDA No. 211725 under 35 U.S.C. §271(e)(2)(A), and that Sandoz's making, using, offering to sell, or selling in the United States, or importing into the United States, Sandoz's ANDA Product will infringe the '109, '702, '612, and '505 patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

2. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval by the FDA of ANDA No. 211725 shall be a date that is not earlier than the latest expiration date of the '109, '702, '612, and '505 patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

3. An order permanently enjoining Sandoz, its parent corporation, affiliates, subsidiaries, and each of its officers, agents, servants, employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Sandoz's ANDA Product until after the last expiration date of the '109, '702,

'612, and '505 patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283;

4.    Damages or other monetary relief to Plaintiffs if Sandoz engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Sandoz's ANDA Product prior to the latest expiration date of the '109, '702, '612, and '505 patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(C); and

5.    Such further and additional relief as this Court deems just and proper, including any appropriate relief under 35 U.S.C. § 285.

Dated: August 2, 2019
       Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*
*Vifor (International) AG and*
*American Regent, Inc.*

Of Counsel:

Barbara R. Rudolph (*pro hac vice* to be submitted)
Robert F. Shaffer (*pro hac vice* to be submitted)
Constance P. Lee (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**

901 New York Avenue, NW
Washington, DC 20001-4413
Tel:  (202) 408-4000

M. David Weingarten (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Tel:  (404) 653-6400